UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION


FILED
MAY 10 2017
CLERK

| UNITED STATES OF AMERICA, | 3:16-CR-30066-RAL |
| --- | --- |
| Plaintiff, | |
| vs. | OPINION AND ORDER ON MOTION TO CONTACT JURORS |
| LAWRENCE OAKIE, | |
| Defendant. | |

On May 5, 2017, after a jury trial, the jury in this case found Defendant Lawrence Oakie not guilty of aggravated sexual abuse of a child. Doc. 71. Oakie's attorney has now moved for permission to contact the jurors. Doc. 78.

Civil Local Rule 47.2, entitled "RESTRICTION ON INTERVIEWING JURORS," states: "No one may contact any juror before or during the juror's service on a case. The parties, their lawyers and anybody acting on their behalf must seek and obtain permission from the district judge who tried the case before contacting a juror after the juror served on the case." D.S.D. Civ. LR 47.2. District courts have wide discretion when deciding whether to allow litigants to contact jurors after trial. United States v. Booker, 334 F.3d 406, 416 (5th Cir. 2003); McCabe v. Macaulay, No. 05-CV-73-LRR, 2008 WL 5070706, at *1 (N.D. Iowa Nov. 25, 2008); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 606.05[1][C] (2d ed. 1997). As a general rule, federal courts disfavor post-trial interviews of jurors. See United States v. Self, 681 F.3d 190, 199 (3d Cir. 2012); United States v. McDougal, 47 F. Supp.

1

2d 1103, 1104 (E.D. Ark. 1999); Weinstein & Berger, supra, § 606.06[1] ("The federal courts are notoriously reluctant to permit either informal post-verdict interviews with or testimony from discharged jurors."). The reasons for this disfavor include protecting jurors from harassment, preserving jurors' freedom of deliberation, preventing jury tampering, and increasing the certainty of verdicts. Dall v. Coffin, 970 F.2d 964, 972 (1st Cir. 1992); Wilkerson v. Amco Corp., 703 F.2d 184, 85–86 (5th Cir. 1983);Weinstein & Berger, supra, § 606.06[1].

Courts typically deny a litigant's request to interview jurors post-verdict absent a threshold showing of an outside intrusion into the jury process. United States v. Wright, 506 F.3d 1293, 1303 (10th Cir. 2007) ("This court has held that a trial judge is well within his discretion in denying leave to inquire of jurors where there was no claim of external interference with the process."); Booker, 334 F.3d at 416 ("A trial court's decision to deny an attorney's request for post-trial interviews is reviewed for abuse of discretion. Only when there is a showing of illegal or prejudicial intrusion into the jury process will the court sanction such an inquiry.") (internal citations omitted); McElroy by McElroy v. Firestone Tire & Rubber Co., 894 F.2d 1504, 1511 (11th Cir. 1990) (holding that denial of post-verdict motion to interview jurors was not an abuse of discretion where moving party did not allege that any prejudicial information or outside influence was brought to bear on the jury); McCabe, 2008 WL 5070706, at *2 (denying motion to interview jurors because moving party did not make a preliminary showing that members of the jury either learned of any extraneous prejudicial information or that outside influences were brought to bear upon them); Allen v. United States, No. 4:07CV00027 ERW, 2008 WL 80061, at *1 (E.D. Mo. Jan. 4, 2008) (same); Economou v. Little, 850 F. Supp. 849, 852 (N.D. Cal. 1994) ("Most federal courts deny requests to conduct post-verdict interviews of jurors unless there is a proper preliminary showing of likely juror misconduct or witness

incompetency."); see also United States v. Eagle, 539 F.2d 1166, 1170 (8th Cir. 1976) (holding that defendant had no right to subpoena jurors after trial when he had not made "specific allegations that any of them engaged in overt improper acts susceptible of proof").

Here, Oakie has not made any preliminary showing that there was an outside intrusion into the jury process. Indeed, there would be no reason for him to do so as he was acquitted of all charges. Instead, Oakie's motion states that he wants to contact the jurors "regarding their thoughts and opinions of the trial." Doc. 78. Such a request is well within this Court's discretion to deny. See Haeberle v. Texas Int'l Airlines, 739 F.2d 1019 (5th Cir. 1984) ("The first-amendment interests of both the disgruntled litigant and its counsel in order to satisfy their curiosity and improve their advocacy are limited. We agree with the district court's implicit conclusion that those interests are not merely balanced but plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice."); McDougal, 47 F. Supp. 2d at 1105 (declining government's motion to interview jurors after mistrial where stated purpose of interview was to determine whether to retry case); Olsson v. A.O. Smith Harvestore Prods., Inc., 696 F. Supp. 411, 412 (S.D. Ind. 1986) ("Absent a showing of evidence of juror impropriety, an attorney is not permitted to invade the province of the jury room for the purpose of improving his skills as a trial lawyer by ascertaining from the jurors which facets of the trial influenced their verdict."). Nevertheless, this Court may allow Oakie some limited contact with the jury, provided that the contact does not harass the jurors or invade their freedom of deliberation. To that end, Oakie should submit to this Court the questions he plans on asking the jurors. If this Court approves of the questions, a representative of Oakie will be free to contact the jurors, as long as any contact with the jurors is prefaced with an explanation that the jurors are not required to answer any questions and can terminate the conversation at any time.

For the reasons stated above, it is hereby

ORDERED that Oakie file with this Court a list of the questions he intends to ask the jurors if he in fact wants to carry through with interviewing jurors.

DATED this 10th day of May, 2017.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE